CARLOS ARMSTRONG E HIJOS SUCRS., INC., Plaintiff and Appellee, *v.* INTER–AMERICAN BUILDERS, INC., CONSTRUCTORA DE PONCE, INC., and TEACHERS' ASSOCIATION OF PUERTO RICO, Defendants and Appellant the latter.

No. R-67-203.    Decided March 2, 1970.

*José Raúl Cancio* for appellant Teachers' Association of Puerto Rico. *Antonio Sabater Cajigas* for appellee.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

There comes again before our consideration the determination of the rights of a contractor's materialman against the owner of the work under § 1489 of the Civil Code, 31 L.P.R.A. § 4130, which reads as follows:

"Those who furnish their labor and materials in a work agreed upon for a lump sum by a contractor have no action against the owner, except for the amount the latter may owe the former when the action is brought."

The difference in this case consists in that subsequent to the filing of the complaint brought in this case by the supplier against the contractors and the owner of the work, the contractors assigned their credit against appellant, owner of the work, to the American Surety Co. by a document authenticated before a notary. We should then decide the question whether or not in view of such assignment, the supplier's claim against the owner of the work should prosper.

There is no controversy as to the facts. The complaint of the supplier in this case against appellants was filed on April 27, 1961 alleging that the contractors owed appellee $21,688.58 for materials furnished for works belonging to appellant Teachers' Association; that on the date of the claim the latter owed appellant contractors amounts exceeding said credit and that said Association be ordered to pay appellee said amount. Inter-American Builders, one of the contractors, did not answer and its default was entered. The Association denied the facts and Constructora de Ponce, the other contractor, alleged that the debt of the supplier was reduced to $13,688.58. The Association filed a third-party complaint against American Surety of N.Y., contractor's surety company, but no further proceeding was carried out with respect thereto.

This case was consolidated with case No. 63-705 for the Recovery of Money (683?) brought by American Surety Co., as assignee of the contractors, against the Association in the Superior Court, San Juan Part, to the effect that an arbitration be held regarding the propriety and amount of the claims of American Surety Co. and of appellee. The award in said arbitration rendered on September 23, 1966, ordered the Association to pay to American Surety Co. the amount of $22,260.02 "since the Teachers' Association withheld the amount of $43,075.11 from the total payment of the construction contract and inasmuch as said Association is entitled to reopen a credit of $20,815.09." By virtue of said award the Superior Court, San Juan Part, rendered judgment on March 17, 1967, in case No. 63-705, ordering the Teachers' Association to pay the $22,260.02 to American Surety Co. The Superior Court, Ponce Part, was served notice of this judgment on March 14, 1967. Regarding the case at bar, the award provided that "Since the case does not involve engineering aspects but legal aspects concerning the forms and other invoices, the panel of arbitrators understands that arbitrating in said case is not within their province." Said award having been rendered the trial court ordered, on November 25, 1966, that the record of the case at bar be remanded by the San Juan Part to the Ponce Part and the case was set for a hearing on the merits.

At the pretrial hearing, the parties stipulated that:

1. the sum claimed by appellee amounts to $13,908.58;

2. the Association was summoned on April 27, 1961 and admitted all the averments of the complaint;

3. no attachment whatsoever was levied in this case;

4. the appellant contractors assigned their credits with the Association to the American Surety Co. on October 11, 1961;

5. copy of the said award was admitted in evidence.

In its opinion and judgment of February 17, 1968, the trial court concluded that:

1.—"We are constrained to conclude . . . that from the date of the filing of the complaint at bar the plaintiff became a creditor of the Teachers' Association and the latter its debtor, up to the amount of the credit claimed, and the credit which the contractor firm had against the Teachers' Association was likewise reduced in equal extent, the indirect proprietary displacement to which the author Mart refers in his cited article being thus produced."

2.—"Insofar as this suit is concerned, the award contains no adjudication regarding the effect of the case on the respective rights of the parties."

By virtue thereof, the trial court rendered judgment in favor of appellee ordering the appellant Association to pay to the former the sum of $13,908.58 plus interest at legal rate since the filing of the complaint.

Appellant alleges that the trial court erred in concluding that the Association has yet to pay the contractors a balance of $22,260.02 for which reason it ordered the Association to pay appellee the amount of $13,908.58 plus interest and in failing to conclude, to the contrary, that it was proper to order it to pay said sum charged to those amounts which, according to the arbitration award and the judgment in Civil Case No. 63-705, the Association was bound to pay to the contractors or their assignee; that the judgment seems to indicate that the Association is bound to pay said amount from other funds which are not those owed to codefendant contractors; that it also erred in ordering it to pay interest.

At the threshold it is necessary to make clear that there appears in the record a copy of the judgment of February 17, 1967, in case No. 63-705 which ordered the Association to pay $22,260.02 to the American Surety Co., claimant in said case, to which the contractors assigned the credit that the Association owed them. It does not appear from the record that

"... the Superior Court, San Juan Part, entered order and mandate ordering the Association to abstain from paying, conveying or disposing of the credits which the Southern Builders, Inc., and two of its subsidiaries might have in its favor for the amounts of $70,386.49; $8,000, and $48,000" that "... on June 8, 1967, the appellant Association deposited the amount of the judgment with the court, subject to the right which the Commonwealth might have" and that "No final determination has still been made in the case." See *American Surety Co.* v. *Superior Court*, 97 P.R.R. 440 (1969).

In synthesis, appellants allege that § 1489 of the Civil Code implements the basic rule of subrogation provided by § 1064 (31 L.P.R.A. § 3028);[1] that said provision permits materialmen and laborers to attach directly the part of the price of the work unpaid by the owner and relieves them from attaching properties in possession of their debtor (contractor or employer); that it does not relieve them from anything else nor grants them more privileges; that said provision does not place the materialman in a better position than the contractor before the owner; that they may bring action as long as there exists an amount claimable by the contractor in the measure and extent in which said amount exists; that the amount owed by the owner of the work to the contractor is not liquidable until the contract is settled with the owner, in other words, said amount is the one which results after the cross claims which might exist between the parties have been adjusted; that the settlement of the credit was made in the arbitration in which the materialman refused to appear; that the trial court seems to believe that the mere filing of the materialman's complaint constitutes a garnishment or at-

---

[1] Section 1064 of the Civil Code provides that:

"Creditors, after having attached the property of which the debtor may be in possession, in order to collect all that is due them, may exercise all the rights and actions of the latter for the same purpose, excepting those inherent in his person; they may also impugn the acts which the debtor may have performed in fraud of their right."

tachment of that owed by the owner to the contractor; that said amount was not attached in this case; that the filing of the complaint of the materialman does not turn the debt of the owner to the contractor into a credit of a preferred or secured nature for the materialman; that the one called upon to bring said assignee into the suit was the appellee; that in failing to do so no judgment affecting its assignment can be rendered; that, "The question of assignment of credit had to be raised in plenary proceeding, and could not be decided collaterally, as is the intention of the trial judge, relying on the fact that from the stipulation, that is, from the evidence he had for consideration, it appeared that the assignment of credit by the codefendant contractors was made after the instant action was filed . . . nobody can stipulate in prejudice of a third person without the latter's consent. The trial court injures the right of a party which was not present at the controversy."

Appellants allege, also, that judgment in case No. 63-705 having been rendered, the Superior Court, Ponce Part, "was precluded from rendering judgment to be charged to the money withheld. And the latter had been spent by virtue of the prior judgment rendered by the same court, San Juan Part. It was no longer available for the plaintiff-appellee. Also, it could not . . . render judgment against appellant to be charged to its own and private means. The dismissal of the complaint lied."

In order to determine the rights of the parties, the facts previously stated should be considered in the light of the legal situation we now turn to recite:

1.—The arbitration award in question did not make any determination as to the question of law raised in this case.

2.—In *American Surety Co.* v. *Superior Court, supra,* we set forth the legal situation of the materialmen who bring action against the owner of a work under § 1489 of the Civil Code.

■ 3.—Upon filing their action against the owner of the work to collect what the contractor or employer owes them on account of materials furnished and used in the work, said right to collect is limited in two points:

a. to the amount the owner of the work may owe the contractor under the contract of said construction when the claim is made through the filing of the action.

■ b. the materialman does not acquire more rights before the owner than those the contractor had, so that the amount owed is necessarily subject to settlement by reason of readjustments or possible cross claims which might arise regarding the work agreed upon between the contractor employer and the owner thereof. However, said readjustments do not include the variation of the price of the construction contract by private covenant between the contractor and the owner of the work in prejudice of those who furnish materials. *Judgment of the Supreme Court of Spain of June 11, 1928.*

■ c. Section 1489 of the Civil Code creates a right in the manner of financing or withholding which no owner of works can evade as long as he is the contractor's debtor. *Judgment of the Supreme Court of Spain of June 30, 1929.*

d. Although the materialmen have no preference over the credit of the employer which is at the same time a debt of the owner of the work, the materialmen's right becomes operative with the claim; "then the prohibition arises; from that moment on the owner becomes debtor of the materialmen and ceases to be the contractor's debtor," XXIV Scaevola, *Código Civil* 170. Laurent says that "This provision [similar to that of § 1489 of our Civil Code] constitutes a guarantee for the workmen who work for a contractor . . . but such guarantee is greater for those who bring their claims first." 27 Laurent, *Principios de Derecho Civil Francés* 95–96.

■ 4.—Manresa says that "the contractor may assign his credit against the owner. If this assignment is made *before*

the workmen or materialmen have brought their action, this assignment will prejudice them." 10 *Código Civil Español* 935, 5th ed.

The situation in the case at bar is that (1) the action of the materialman against the owner of the work was filed and the latter was served notice thereof in April 1961, that is, months before the assignment was performed (in October 1961); (2) through arbitration it was determined that the contractor had a precise and settled credit arising from the construction contract of the work for which the appellee furnished materials; (3) the judgment in favor of the assignee whose right is characterized as a credit of a materialman or a workman (*American Surety Co. v. Superior Court, supra*) was known by the trial court before rendering its judgment in this case; (4) the judgment in favor of the assignee was rendered prior to the one rendered in this case.

■ The filing of the action of the materialman in the instant case, which was carried out prior to the action of the said assignee, produced "the important effect of deducting the amount claimed by the . . . materialman from the claims of other creditors of the contractor, since from the very moment the claim is made to the owner, the latter becomes the debtor of the contractor's . . . materialmen." In the case at bar, from that moment on the materialman became direct creditor of the Association as owner of the work and "its credit is not subject to the risks of the contractor's responsibilities for other reasons." *American Surety Co. v. Superior Court, supra.*

■ By virtue thereof, it was the obligation of the Association to allege in the action of the assignee the existence of its relation with appellee arising from the prior action filed against it by the latter, and that upon depositing with the trial court the balance which it still owed the contractors appellee's claim should be paid first. This was not done timely by the appellant Association.

■ We conclude, therefore, that the trial court did not err in its decision in this case. The payment of the interest accrued from the date on which the action was filed by appellee is proper since it appears from the record that as of that date the appellant Association knew that of the price of the work it owed the contractors a greater amount than the one claimed in the action referred to. The payment of such interest could have been avoided through the corresponding deposit and the filing of the third-party complaint against the assignee, since it was the contractors' surety company.

Now then, in the event the sum deposited by the Association, in case No. 63-705 of the San Juan Part and of the trial court, has not been disposed of it is proper to pay first from that sum the principal of the appellee's claim in accordance with the judgment rendered in the case before us. The interest on said principal to which said judgment refers has been granted as a result of the delay of appellant Association and therefore it is incumbent upon the latter only to satisfy them in their totality. From the remaining balance, assignee's credit will be satisfied as much as possible. In the event that this last credit would have been paid and the remaining balance were not sufficient to satisfy in its totality the amount of the judgment rendered in the case before us, the Association will be under the obligation to satisfy the amount or any unpaid balance of said judgment to appellee.

Mr. Chief Justice and Mr. Justice Dávila did not participate herein.